SAMUEL WEISER, *quer.* in error *against* NICHOLAS ZEISINGER, administrator of NICHOLAS ZEISINGER, deceased.

*Narr.* in trover by an administrator for a deed of land in Berks county good after verdict though the names of the parties thereto, or the nature of the estate, or the situation of the lands, or their value, are not set forth.

WRIT of error to Berks county. It appeared by the record, that the declaration was in trover " for a deed of lands in Berks county, whereof the intestate was possessed in his life-time and casually lost, which came to the possession of the now plaintiff in error." &c.

It did not describe the parties to the deed, where the lands lay, or their value, the nature of the estate conveyed, or the title or interest claimed under it, or its date, but stated it generally as above. On not guilty pleaded the jury found a verdict for the plaintiff below for 525*l.* damages on which judgment was rendered.

Mr. Ingersoll for the plaintiff in error, now took seven exceptions to the declaration. 1. That it did not state the township or place where the lands lie. 2. Nor whether the same were conveyed in fee, for life, years, &c. 3. Nor the parties thereto. 4. Nor that the intestate was the grantee. 5. Nor the value of the deed. 6. Nor that the administrator was entitled thereto. 7. And finally that trover would not lie for a deed.

On the five exceptions first stated, he did not greatly insist, but contented himself with citing the following cases thereon : A declaration in trover, should show the value of every chattel, of which the conversion is complained of. 2 Rol. Rep. 447. 5 Bac. Abr. 275. In Lit. Ent. 70, is to be found a declaration in trover, for a mortgage by an administrator *de bonis non,* which sets forth the mortgaged premises particularly and the parties, thereto, &c.

On the sixth exception, he contended that by a deed in common parlance, must be intended a conveyance for life at least, if not in fee ; and with such grant the administrator has nothing to do. For every other purpose except the payment of debts, the right of the administrator here, is precisely the same as in England, as to lands. It is not shown that such debts existed, due from the intestate, which might render it necessary that he should have the title deeds. The property of charters concerning the freehold, vests in the heir, and not in the personal representative of the deceased proprietor of the lands. 2 Woodeson. 378. Noy's Max. cap. 49. Charters may be entailed. Co.

Lit. 20. *a.*   If land be held by the tenure of a horn or cornage, the heir is entitled at law to the horn. 1 Vern. 273.   Unless therefore the administrator had a property in the deed in question, he could not support trover.

7. Dentinue is the proper remedy for title deeds, and not trover. The heir shall have detinue of charters, though he hath not the land. F. N. B. 324. L.   And it is presumed, that express authorities may be shown, wherein it is laid down, that trover* will not lie for title deeds.

Messrs. Rawle and T. Ross, *è contra.*   As to the form of the declaration, less certainty is necessary in trover than in detinue, because that is for the recovery of the things themselves. Bull. Ni. Pri. 32. Trover *de decem ponderibus,* held good ; being only brought for damages, it is sufficient if the jury understand it.   12 Mod. 3. Trover *de scripto suo obligatorio,* held good. 2 Salk. 654.   So of trover of 20 ounces of cloves and mace, without showing how much of each, or that they were mixed ; but it would be ill in detinue for uncertainty. *Ib.* Trover *pro una parcella segestrium, involucriorum et funium.* held sufficiently certain in error. 2 Stra. 839.   So for a parcel of diamonds. *Ib.* 827.   So for 10 pairs of curtains and valons. 1 Mod. 46. So for divers sorts of linen. Style 44.   Trover for a trunk full of fine linen, adjudged good, and after verdict for the plaintiff, finding 80*l.* damages, the court intended that the damages were given for the trunk only. Cro. Jac. 664.

As to the value of the lands or deed, not being laid *ad valentiam* is not matter of substance, but mere form in trover, and is aided after verdict by stat. 18 Eliz. c. 14. Cro. Jac. 654, 148. 2 Lit. Abr. 762.

The fact is, that every effort was made use of to render the declaration more certain, but in vain.   The deed was traced to Weiser's possession by his own confession, and his offer of 500*l.* for it, but there he stopped, and beyond this more information could not be obtained. Though it is agreed that detinue is the more appropriate remedy for charters, yet to support it, a special accurate description is indispensably necessary.   If trover will not lie, the party is without remedy.   To advance the purposes of justice, it is now settled that a deed may be pleaded, as lost by time or accident, without a profert. 3 Term Rep. 151. It is apprehended that no case can be cited to show that trover

* Vide 2 Term Rep. 708, where it is admitted that trover will lie for title deeds.

will not lie for a deed. It will lie for letters patent of a wine license, though matter of record. Hardr. 111. Much reliance has been placed on the sixth exception, but it will be remembered, that nothing can be intended in order to set aside the verdict. The objection must arise from the record itself, and it is not therein stated that the intestate had heirs. Every thing shall be intended in support of a verdict. It will not be presumed that the deed was of lands in fee simple, or a freehold interest, but in aid of the jury's finding, rather of a term for years, or mortgage, over either of which the administrator had an undoubted control. Executors or administrators must in the first instance succeed to the possession even of title deeds, after the death of the testator or intestate. And one in possession, without other right, may support trover against a wrongdoer. Bull. 33. Here the right of possession was submitted to the jury on the trial, and it is now too late to question the right of the administrators to institute a suit for the deed.

The court declared that they saw nothing material in the five exceptions first stated, which had not been satisfactorily answered; nor had any authority been adduced to show that trover would not lie for a deed, or that it imported *ex vi termini*, a grant in fee or for life. Its true legal meaning was a writing under seal. However, courts will do what they can, to help declarations after verdict, and it must be taken, that every thing was proved on the trial, necessary to enable the plaintiff to recover. (See 2 Burr. 899. Cowp. 826. Doug. 658, 683. 7 Term Rep. 522.) As nothing contrary appears on the face of the pleadings, it may be presumed that the deed in question assured a leasehold interest, or other right which vested in the administrator *jure representationis*, and that he was legally entitled thereto. This will remove the real difficulty in the case, and under this view

Let the judgment be affirmed.

━━━━━━━━━━━━━━━━

SAMUEL GONSALES, JACOB WOLFF and JOHN TURNER (who survived BENJAMIN BRINK) *quer.* in error *against* JACOB DEAVENS.

Awards are considered with less strictness than formerly, but they must be certain and final.

WRIT of error to Northampton county. It appeared by the record, that debt was brought on an arbitration bond, dated 6th June 1793, to perform an award, so as the same was made in writing before the 1st January then next. Plea *nul award*. Deavens the plaintiff below,